IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| | * |
| YOUNG LAW FIRM, LLC, | |
| | * |
|     Plaintiff, | |
| | * |
|       v. | CIVIL NO.: WDQ-06-1661 |
| | * |
| BTLG.COM (Internet Domain | |
| Name), | * |
| | |
|     Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Young Law Firm, LLC ("Young") filed an in rem action against Domain Name BTLG.COM[1] (the "Registrant") for cyberpiracy in violation of 15 U.S.C. § 1125(d) (2000).  Pending are the Registrant's Motion to Dismiss and Young's Motion to Transfer Domain Name to Plaintiff and Motion to Strike Defendant's Motion to Dismiss.  For the following reasons, the Registrant's motion to dismiss will granted, and Young's motions will be denied.

I.   Background

In January 2000, Young adopted the trade name "Business & Technology Law Group."  Compl. ¶ 9.  In January 2002, Young adopted the trade name "BTLG" and marketed its services under

---

[1] Tucows, Inc., a Canadian corporation, is the domain name registrar for BTLG.COM.  Def.'s Supp. Mem. ¶ 4.  Get on the Web Limited, a United Kingdom corporation, is the registrant and owner of the domain name BTLG.COM.  *Id.* ¶ 1.

1

this mark.  *Id.* ¶ 11.  In December 2002, Young registered the domain names BTLG.US and BTLG.NET.  *Id.* ¶ 13.  It also attempted to register the domain name BTLG.COM, but discovered that Get on the Web Limited ("GWL") owned the domain name.  *Id.* ¶ 14.  Young declined GWL's offer to sell BTLG.COM for $3,650 as too expensive.  *Id.* ¶ 18.

On December 5, 2003, Young applied to register the BTLG Mark with the United States Patent and Trademark Office ("USPTO"); on December 28, 2004, the USPTO issued a Certificate of Registration.  *Id.* ¶ 12.  On June 29, 2006, Young sued domain name BTLG.COM for cyberpiracy asserting that the Registrant had registered the domain name in bad faith in violation of 15 U.S.C. § 1125(d).

II.  Analysis

A.  Motion to Dismiss for Lack of In Rem Jurisdiction

Young filed this in rem action against the Registrant under the Anti-Cybersquatting Consumer Protection Act ("ACPA") of 1999, 15 U.S.C. § 1125, to protect its mark against allegedly unlawful domain-name registration and use.  The ACPA allows a trademark owner to pursue an in personam action against an alleged trademark infringer.  15 U.S.C. § 1125(d)(1).  If a trademark owner is unable to pursue an in personam action because the infringer cannot be located, § 1125(d)(2) allows the owner to proceed against the domain name.  *Mattel, Inc. v. Barbie-*

*Club.com*, 310 F.3d 293, 298 (2d Cir. 2002); *see also Standing Stone Media, Inc. v. Indiancountrytoday.com*, 193 F. Supp. 2d 528, 532 (N.D.N.Y. 2002) (the ACPA's in rem jurisdiction "counter[s] the unlawful activity of foreign-resident cybersquatters").

Unable to obtain personal jurisdiction over the registrant of BTLG.COM--an entity located in Great Britain--Young filed an in rem action under 15 U.S.C. § 1125(d) against the Registrar, Tucows, Inc., claiming it transacts business in Maryland. *Id.* ¶ 5, 7.

Subsection (d)(2) of the statute states the jurisdictional requirements for domain name in rem actions:

> (A) The owner of a mark may file an in rem civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if
>
> > (I) the domain name violates any right of the owner of a mark registered in the Patent and Trademark Office . . . ; and
> >
> > (ii) the court finds that the owner--
> >
> > > (I) is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action under paragraph (1). . .

. . . .

> (C) In an in rem action under this paragraph, a domain name shall be deemed to have it situs in the judicial district which–
>
> > (I) the domain name registrar, registry, or other domain name authority that registered or assigned the domain name is located; or

(ii) documents sufficient to establish control and authority regarding the disposition of the registration and use of the domain name are deposited with the court.

15 U.S.C. 1125(d)(2)(A), (C).

The Registrant argues that the Court lacks jurisdiction because neither its domain name nor GWL is located here. Def.'s Supp. Mem. at 3. The Registrant notes that Young admitted in its motion to strike that the Court does not have in rem jurisdiction and requested that the case be transferred to the appropriate venue. *Id.* at 4 (Pl.'s Mot. to Strike ¶¶ 7, 8).

Young does not dispute the Court's lack of in rem jurisdiction, but asserts that the Registrant's motion to dismiss was untimely.[2] Accordingly, Young argues that the Court should enter default judgment in its favor or transfer this case to Flint, Michigan or Starkville, Mississippi--where the registrar has a place of business. Pl.'s Mot. to Strike ¶¶ 6-8. Because of the Registrant's untimely response, Young also requests the Court to transfer the domain name to it. Pl.'s Mot. to Transfer at 1.

This Court lacks in rem jurisdiction under § 1125(d)(2) over domain name BTLG.COM. "In rem jurisdiction is predicated on the notion that the *res* is found within the territorial jurisdiction

---

[2] Young claims that the Registrant was served on December 19, 2006, but failed to file its Motion to Dismiss until August 2007. Pl.'s Mot. to Strike Mot. to Dismiss at 1.

4

of the court." *FleetBoston Fin. Corp. v. FleetBoston-Financial.com*, 138 F. Supp. 2d 121, 135 (D. Mass. 2001) (an in rem action cannot be brought in a forum other than that specified in 15 U.S.C. § 1125(d)(2)(A)). Neither the registrar, registry nor other authority that registered the domain name BTLG.COM is located in Maryland. Young also acknowledges that the registrar is located in another jurisdiction. *See* Pl.'s Mot. to Strike ¶ 7. Although the Court notes that the Registrant's motion to dismiss was filed late, Young will suffer no cognizable injury from the dismissal of this suit from a court that lacks in rem jurisdiction to adjudicate the claims. Accordingly, the Registrant's motion to dismiss will be granted, and Young's motions will be denied.

III. Conclusion

For the following reasons, the Registrant's motion will be granted, and Young's motions will be denied.


October 23, 2007                          /s/
Date                            William D. Quarles, Jr.
                                United States District Judge